### HOLLEY v. WALKER.

Circuit Court, Palm Beach County.

November 30, 1954.

William A. Foster, Earnest, Lewis, Smith & Jones, West Palm Beach, for plaintiff.

C. D. Blackwell, West Palm Beach, for defendant.

C. E. CHILLINGWORTH, Circuit Judge.

This cause was duly tried by the court.

An architect seeks compensation from a woman client for services in preparing plans and specifications for a building which was never built. At the outset, the architect submitted a form of written contract of employment to his client, under which he was to receive a total of 6% of cost of building, 75% of which would be for work prior to the supervising services, for which a charge of 25% of the total would be made. The contract of employment was not signed by the client.

She sought plans for an 8 apartment building in a non-luxury area, which would cost about $30,000 or not over $33,000. Her requirements were such that the architect thought he could not prepare proper plans for a building at that cost, but he did not so advise her. He did not guarantee any cost figure to her. On the other hand, she properly assumed that the cost would be about $30,000. When the plans were completed and the bids were obtained, the cost varied so the minimum bid was $47,371.

Had she then declined the plans, she would not have been indebted to the plaintiff, for the services rendered by plaintiff were not in accord with her request. The plaintiff had failed to perform his services as requested by defendant, which was to design an 8 apartment building costing about $30,000.

But, the defendant used these plans notwithstanding the estimated cost of construction, in order to obtain some financing for the project. This in law must be considered as an acceptance of the work by defendant. It created an obligation on her part to

pay the reasonable value of those services even though they were not performed in accordance with her request.

A bill for the, architectural service was submitted to the defendant. A third person made payments on account. The defendant did object to the bill over the telephone. There has been no account stated.

It therefore appears that the plaintiff is entitled to full reasonable compensation for the work performed by him, on the basis of his compliance with his implied contract. From the evidence, this would be three-fourths of 6% of $33,000, less $950 previously paid on account. Interest should accrue from July 1, 1953.

Thereupon, it is ordered that the plaintiff do have and recover from the defendant the sum of $593.68, which embraces the principal amount of $535, interest in the amount of $45.48, and court costs in the amount of $13.20, for all of which let execution issue.